UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VONDELISE JONES, | ) | CASE NO. 5:06 CV 2663 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HENRIETTA JONES, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 2, 2006, plaintiff pro se Vondelise Jones filed this action against her ex-husband's first wife, Henrietta Jones, the Veterans Administration, the Social Security Administration, Summit County Domestic Relations Court Judge Carol Dezso, and Summit County Domestic Relations Court Judge Janice Gui. In the complaint, plaintiff alleges that Henrietta Jones is attempting to collect pension survivor benefits of her deceased ex-husband Theophilus Jones. She seeks an Order pursuant to Ohio Civil Rule 60(B)(5) vacating a judgment entered in Mr. Jones's divorce from Henrietta, and awarding her $ 3,000,000.00 for pain and suffering caused by "negligence and malpractice." (Compl. at 6.) Ms. Jones also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## **Background**

The pleading in this case is extremely disjointed and difficult to decipher. It appears that Theophilus Jones was divorced from Henrietta Jones in 1978. The terms of that divorce are unclear. Mr. Jones then married Vondelise Jones on January 29, 1986.

Theophilus Jones filed for divorce from Vondelise in 1995. The matter came on for hearing on May 13, 1996, at which time the parties presented an agreed division of assets on the record. Mr. Jones agreed to pay Vondelise the lump sum of approximately $ 2,000.00, and each party agreed to keep the assets in his or her possession. The divorce was verbally granted and the attorneys were ordered to present a typewritten copy of the journal entry for the judge's signature. That entry was presented and signed by the judge on August 30, 1996. Vondelise contends that she was not divorced from Theophilus because although the final journal entry contains the judge's signature ordering the divorce into effect, it does not contain her attorney's signature showing approval and the court's docket does not contain a certificate of service showing that the final entry was served on her attorney. She states "I have reasons to believe that the Judge's signature on this document is not authentic and I have a problem with it." (Compl. Ex. a.) She believes this renders the final entry a nullity and concludes that the divorce action was never completed.

In the interim, Henrietta filed a Motion in 1995 reopening her divorce action to seek a Division of Theophilus Jones's Pension from the post office. On July 13, 1995, Mr. Jones was ordered to execute a release of information so that his pension could be evaluated. Theophilus and Henrietta agreed in court on November 30, 1995 that Henrietta was entitled to receive 20.015% of Mr. Jones's pension which equaled $ 46,932.29. A qualified domestic relations order was signed by the judge on February 7, 1996 to facilitate this agreement. Vondelise contests this order stating

that she is still married to Mr. Jones and therefore all of his pension is a marital asset. She claims that Henrietta and Theophilus did not disclose to the court that Theophilus was still married to Vondelise which Vondelise asserts was an act of fraud on the court. She asks this court to vacate under Ohio Civil Rule 60(B)(5) the Qualified Domestic Relations Order granting Henrietta part of Mr. Jones's pension.

Vondelise alleges that Theophilus Jones died on June 15, 2006. She has attempted to collect survivor and pension benefits from the Social Security Administration, the Veterans Administration and the United States Post Office without success. All of these agencies refused her requests stating divorced spouses are not entitled to benefits. She therefore sues them for pain and suffering.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

As an initial matter, this court cannot grant relief from judgment in an Ohio domestic relations case. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or

4

unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937. The doctrine requires dismissal of a claim when a plaintiff complains of injury from the state court judgment itself.

In the present action, Ms. Jones directly attacks the final journal entry in her divorce case, and asks this court to vacate an order issued in the divorce of Theophilus and Henrietta Jones. All of the allegations in the complaint concern specific grievances that the law was incorrectly applied in those cases, and are clearly predicated on Ms. Jones's belief that the state courts were mistaken in rendering their decisions and acknowledging their judgments. Moreover, Ms. Jones requests as relief that the state judgments be set aside and their execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

To the extent that Ms. Jones merely seeks to re-litigate the property division negotiated in either of the divorce actions, she is unable to do so. First, federal courts have no jurisdiction over actions which in essence are domestic relations disputes. McLaughlin, 193 F.3d at 412; Firestone v. Cleveland Trust, 654 F.2d 1212, 1215 (6th Cir. 1981). Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court. Firestone, 654 F.2d at 1215. These cases involve local problems which are "peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts." Id. For this reason, it is incumbent upon the district court to examine

the claims of the complaint and to determine the true character of the dispute to be adjudicated.  Id. Although plaintiff characterizes this as a federal civil action, it is clear from the complaint and the relief requested that she is asking this court to reopen and intervene in two domestic relations actions, reverse decisions of the state court magistrate and judges, and make an independent determination of property division.  Again, this court lacks jurisdiction to grant this type of relief.

Furthermore, a federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state.  28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002).  Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit.  National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990).  The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Allen v. McCurry, 449 U.S. 90, 94 (1980).  The Ohio courts have already determined that Henrietta Jones is entitled to a portion of Theophilus Jones's pension and that Vondelise and Theophilus Jones were divorced.  Any attempt to litigate those questions in federal court would be barred by the doctrine of res judicata.  This court is bound to give full faith and credit to the decisions of the Ohio courts.

Finally, this court lacks subject matter jurisdiction to consider Ms. Jones's claims against the Veteran's Administration, and the Social Security Administration.  The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction.  McGinness v. U.S., 90 F.3d 143, 145 (6th Cir. 1996).  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.

U.S. v. King, 395 U.S. 1,4 (1969); Soriano v. U.S., 352 U.S. 270, 276 (1957). Ms. Jones fails to give any indication of the legal basis for her claims against these defendants. She merely indicates that they did not agree with her interpretation of the divorce decree and denied her benefits as the divorced spouse of Theophilus Jones. Even liberally construing the pleading, no legal cause of action against these federal agencies is readily apparent on the face of the complaint. Consequently there is not a sufficient indication that the United States waived its sovereign immunity in this action and this court lacks subject matter jurisdiction to consider this matter. See Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991).

## Conclusion

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: February 7, 2007      s/ James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.